| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| DAVID A. AKINTIMOYE SBN225110<br>LAW OFFICE OF DAVID AKINTIMOYE<br>13800 HEACOCK STREET SUITE D113<br>MORENO VALLEY CA 92553<br>TEL:951-656-5777<br>FAX:951-656-2999<br>EMAIL: DAA225110@GMAIL.COM<br><br>☐<br>☒ *Attorney for:* Delta Hospice of California, Inc. | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| In re:<br><br>DELTA  HOSPICE OF CALIFORNIA, INC.<br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 6:19-bk-19750-SC<br>CHAPTER: 11 |
|---|---|
| | **NOTICE OF MOTION AND MOTION IN CHAPTER 11 CASE FOR ORDER AUTHORIZING DEBTOR-IN-POSSESSION TO: (1) PAY PREPETITION PAYROLL; (2) HONOR PREPETITION EMPLOYMENT PROCEDURES; AND (3) CONTINUE PAYING TAXES [LBR 2081-1(a)(6)]** |
| | This motion is being made under **ONLY ONE** of the following notice procedures:<br>☐ No hearing unless requested under LBR 9013-1(o)(4);  or<br>☐ Hearing requested on emergency basis: LBR 9075-1(a); or<br>☐ Hearing requested on shortened notice: LBR 9075-1(b); or<br>☒ Hearing set on regular notice: LBR 9013-1(d):<br><br>DATE:          12/03/2019<br>TIME:          1:30 PM<br>COURTROOM: Video Hearing room 126<br>ADDRESS:      3420 Twelfth Street Riverside CA 92501 |

1.   **PLEASE TAKE NOTICE THAT** the Debtor moves this court for an order authorizing the debtor-in-possession to (1) pay prepetition payroll; (2) honor prepetition employment procedures; and (3) continue paying taxes.

2.   **NOTICE PROVISIONS AND DEADLINES FOR FILING AND SERVING A WRITTEN RESPONSE:** Your rights might be affected by this Motion. You may want to consult an attorney. Refer to the box checked below for the deadline to file and serve a written response. If you fail to timely file and serve a written response, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief. You must serve

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2015*                              Page 1                              **F 2081-2.3.MOTION.PAYROLL**

a copy of your opposition upon the Debtor and Debtor's attorney and the United States trustee and also serve a copy on the judge assigned to this bankruptcy case pursuant to LBR 5005-2(d) and the Court Manual.

a.  ☐  **No Hearing Scheduled; Notice Provided Under LBR 9013-1(o):** This Motion is filed by Debtor pursuant to LBR 9013-1(o), which provides for granting of motions without a hearing, unless a hearing is requested in writing. The full Motion is attached, including the legal and factual grounds upon which the Motion is made. If you wish to oppose this Motion, you must file a written response and request for hearing with the court and serve it as stated above, **no later than 14 days after the date stated on the Proof of Service of this Motion** plus 3 additional days if you were served by mail, electronically, or pursuant to F.R.Civ.P. 5(b)(2)(D), (E), or (F). Your opposition must comply with LBR 9013-1(f) and (o).

b.  ☐  **Hearing Requested on Emergency Basis under LBR 9075-1(a):** **Hearing Requested on Emergency Basis under LBR 9075-1(a):** Debtor has contacted the court and requested an emergency hearing on less than 48 hours notice. If the court grants the request, you will receive a separate Notice of Hearing that identifies the deadline for the Debtor to file and serve the Motion and the deadline for you to file and serve a written response. If the court denies the request to set an emergency hearing, the Debtor will provide written notice of a regular hearing date or other disposition of this motion and the deadline for filing an opposition.

c.  ☐  **Hearing Requested on Shortened Notice under LBR 9075-1(b):** Debtor has filed a separate application asking the court to set a hearing on shortened notice. The application is entitled Application for Order Setting Hearing on Shortened Notice (Application). If the court grants the Application, the Debtor will serve you with another document providing notice of the deadline to file and serve a written response. If the court denies the Application, the Debtor will provide written notice of a hearing date on regular notice or other proposed disposition of this motion.

d.  ☒  **Hearing Set on Regular Notice; Notice Provided Under LBR 9013-1(d):** This Motion is set for hearing on regular notice pursuant to LBR 9013-1(d). The full Motion and supporting documentation are attached, including the legal and factual grounds upon which the Motion is made. If you wish to oppose this Motion, you must file a written response with the court and serve it as stated above **no later than 14 days prior to the hearing.** Your response must comply with LBR 9013-1(f). The undersigned hereby verifies that the hearing date and time selected were available for this type of Motion according to the judge's self-calendaring procedures [LBR 9013-1(b)].

e.  ☐  **Other** (specify):

Date:  11/05/2019

By: _____
Signature of Debtor

Name:  Vivian Obiamalu for Delta Hospice of California
Printed name of Debtor

Date:  11/05/2019

By: _____
Signature of attorney for Debtor, if any

Name:  Law office of David Akintimoye
Printed name of attorney for Debtor, if any

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## MOTION FOR ORDER AUTHORIZING PAYMENT OF PREPETITION DATE
## PAYROLL AND TO HONOR PREPETITION PAYROLL PROCEDURES [LBR 2081-1(a)(6)]

1. In order to effectively reorganize, the Debtor must be able to retain and pay his/her employees.

2. Pursuant to 11 U.S.C. §§ 105(a), 363(b) and (c), 507(a)(4), (a)(5) and (a)(8), 541(b)(7), 1122(b) and 1129(a)(9), the Debtor requests authority: (a) to pay outstanding balances of prepetition payroll and accrued benefits as set forth in specific detail in the list of employees, prepetition wages and insider designation (Employee List), attached as Exhibit A, and to continue prepetition payroll procedures; (b) to pay benefits that accrued prepetition but that mature postpetition in the ordinary course of business; and (c) to pay any prepetition non-default sales, use and franchise taxes that the Debtor must collect or withhold (if any are listed in the list of sales, use and franchise taxes (Tax List).

3. The employees set forth in the Employee List are still employed by the Debtor.

4. Any employees who are insiders as defined by 11 U.S.C. § 101(31) are clearly identified as insiders on the Employee List.

5. The employees' claims are either within the limits established by 11 U.S.C. § 507(a)(4) or (5) or are clearly bifurcated in the Employee List into amounts within the limit and amounts in excess of the limit.

The payment of balances owed on prepetition payroll are necessary to fairly compensate the employees for the reasonable value of services performed in the ordinary course of employment consistent with historical payment terms and to pay accrued benefits, if any.

6. The prepetition payroll procedures sought to be continued are beneficial to the chapter 11 estate.

7. The Debtor has a reasonable prospect of reorganizing through chapter 11.

8. The payment(s) proposed will not render the estate administratively insolvent since there will be at least
   $ 10,000.00 _____ in cash reserves following the proposed payment(s).

The Debtor requests that he/she be authorized to (a) make the payments as outlined in the Employee List; (b) continue prepetition payroll procedures; and (c) pay the taxes outlined in the Tax List.

Date: 11/05/2019 _____

By: _____
Signature of attorney for Debtor, if any

Name: Law office of David Akintimoye _____
Printed name of attorney for Debtor, if any

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2015                               Page 3                          F 2081-2.3.MOTION.PAYROLL

**DECLARATION OF DEBTOR IN SUPPORT OF MOTION FOR
ORDER AUTHORIZING PAYMENT OF PREPETITION DATE PAYROLL
AND HONOR PREPETITION PAYROLL PROCEDURES [LBR 2081-1(a)(6)]**

1. I am the Debtor in this chapter 11 bankruptcy case.  I make the following statements based upon my own personal knowledge.
   Law office of David Akintimoye, 13800 Heacock Street Suite D113, Moreno Valley CA 92553

2. Exhibit A is a true and correct list of employees, prepetition wages and insider designation (Employee List).

3. All of the employees set forth in the Employee List are still employed by the Debtor.

4. Employees who are insiders, if any, are clearly set forth as such in the attached list.

5. The employee claims are set forth in the Employee List and any amount in excess of the limit under 11 U.S.C. § 507 is separately listed.

6. The payroll and employee procedures sought to be continued are (*specify*):
   Biweekly payment of employees' wages and any other benefits that the employees are entitled to under California and Federal labor laws including but not limited to paid sick leave, overtime & mealtime wages.

7. These payroll and employee procedures are beneficial to the chapter 11 estate because (*specify*):
   The debtor provides hospice care to terminally ill patients. The employees of the debtor enable the debtor to carry out those duties. Without the critical services that they perform, it will be impossible for the debtor to reorganize successfully.

8. The payment of balances owed on prepetition payroll are necessary to fairly compensate the employees for the reasonable value of services performed in the ordinary course of employment and consistent with historic payment terms.

9. If authority to pay pre-petition non-default sales, use and franchise taxes is sought, I attached as Exhibit B  a true and correct list of sales, use and franchise taxes (Tax List).

10. The Debtor has a reasonable prospect of reorganization because (*specify*):
    The debtor owes the Federal Government Medicare Overpayment i.e. the estimated payment that the federal government made to the debtor in excess of what the debtor was actually entitled to under Medicare statutes and regulations for services rendered to hospice patients. Please see the document attached as "item 10 continuation".

11. After payment of the proposed payments, there will be at least $ 10,000.00 _____ in cash reserves.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 11/05/2019 | Vivian Obiamalu | |
| Date | Printed Name | Signature |

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2015                                        Page 4                        F 2081-2.3.MOTION.PAYROLL

## EXHIBIT A – EMPLOYEE LIST
## PREPETITION WAGES AND INSIDER DESIGNATION

| | EMPLOYEE NAME | DOLLAR AMOUNT OF PREPETITION WAGES AND ACCRUED BENEFITS UP TO LIMIT OF 11 U.S.C. § 507 | DOLLAR AMOUNT OF PREPETITION WAGES AND ACCRUED BENEFITS ABOVE LIMIT OF 11 U.S.C. § 507 | INSIDER (Yes or No) |
|---|---|---|---|---|
| 1 | Davezan, Leslie D | Wages:  $ 4,706.00<br>Benefits: $ | Wages:  $<br>Benefits: $ | NO |
| 2 | Flores, Manuelito | Wages:  $ 4,871.30<br>Benefits: $ | Wages:  $<br>Benefits: $ | NO |
| 3 | Jong, Mervin J | Wages:  $ 5,430.00<br>Benefits: $ | Wages:  $<br>Benefits: $ | NO |
| 4 | Kariuki, Lina | Wages:  $ 715.10<br>Benefits: $ | Wages:  $<br>Benefits: $ | No |
| 5 | Kimbrough, Jesi | Wages:  $ 3,080.00<br>Benefits: $ | Wages:  $<br>Benefits: $ | No |
| 6 | Ko, Danto | Wages:  $ 2,953.50<br>Benefits: $ | Wages:  $<br>Benefits: $ | No |
| 7 | Marquez, Kimberly | Wages:  $ 3,130.14<br>Benefits: $ | Wages:  $<br>Benefits: $ | No |
| 8 | Penzer, Kimberly N | Wages:  $ 5,355.00<br>Benefits: $ | Wages:  $<br>Benefits: $ | No |
| 9 | Rajceva, Snezana | Wages:  $ 11,616.60<br>Benefits: $ | Wages:  $<br>Benefits: $ | No |
| 10 | Sterling, Raynard A | Wages:  $ 2,450.00<br>Benefits: $ | Wages:  $<br>Benefits: $ | No |
| 11 | Torres, Bethy M. | Wages:  $ 960.00<br>Benefits: $ | Wages:  $<br>Benefits: $ | No |
| 12 | Torres, Stefanie | Wages:  $ 1,754.20<br>Benefits: $ | Wages:  $<br>Benefits: $ | No |
| 13 | Velasco, Dalila | Wages:  $ 972.80<br>Benefits: $ | Wages:  $<br>Benefits: $ | No |
| 14 | Obiamalu, Vivian | Wages:  $ 12,850.00<br>Benefits: $ | Wages:  $ 100,900.00<br>Benefits: $ | Yes |
| 15 | | Wages:  $<br>Benefits: $ | Wages:  $<br>Benefits: $ | |
| 16 | | Wages:  $<br>Benefits: $ | Wages:  $<br>Benefits: $ | |
| 17 | | Wages:  $<br>Benefits: $ | Wages:  $<br>Benefits: $ | |
| 18 | | Wages:  $<br>Benefits: $ | Wages:  $<br>Benefits: $ | |
| 19 | | Wages:  $<br>Benefits: $ | Wages:  $<br>Benefits: $ | |
| 20 | | Wages:  $<br>Benefits: $ | Wages:  $<br>Benefits: $ | |
| 21 | | Wages:  $<br>Benefits: $ | Wages:  $<br>Benefits: $ | |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2015                                    Page 5                                    F 2081-2.3.MOTION.PAYROLL

DELTA HOSPICE OF CALIFORNIA, INC.

CASE NO. 6;19-bk-19750-SC

Attachment to form 2081-2.3 Motion. Payroll, item 10 continuation sheet

---

Delta Hospice of California, Inc has been providing holistic program of care and support for people who are terminally ill patients in the city of Chino, County of San Bernardino since its inception in June 2005. A terminally ill patient is one whose life expectancy is six months or less, if the illness runs its normal course.

The debtor hospice is required to provide its patients with skilled nursing care; medical equipment such as oxygen and hospital beds, medical supplies, such as diapers and wound care dressings; all medications relating to the terminal illness; certified hospice aides (bath nurses) and homemaker services; medical social worker services, dietary counseling; grief and loss counseling for patients and family, short term respite care; short term in patient care for pain and symptom management, as well as any other Medicare covered services needed to manage the patients' terminal conditions. Hospice services also include education of patients, family and outreach community programs also for health education.

The Medicare Hospice Benefit guarantees terminally ill patients an unlimited stay on hospice services, while essentially limiting Provider pay to approximately four and a half months of care, through the hospice Cap. Hospice Providers whose patients live longer than six months, end up with a Medicare Overpayment.

The Medicare Hospice benefit has not been updated since it was enacted approximately thirty years ago. Although physicians are expected to certify that a patient's life expectancy is six months or less, terminal prognostication remains a very inexact science and patients live well in excess of six months, while remaining eligible for hospice care. Hospice providers then become liable to Medicare for overpayments, due to patients' length of stay on hospice care.

The debtor has been essentially forced into extended repayment loans, wherein over the past six months, NGS/Medicare has withheld from the debtor the sum of $110,000.00 per month, which is more than 80% of its revenue. Effective October 20, 2019, NGS/Medicare increased its withholdings to the sum of $148,000.00 per month, which exceeds 100% of the debtor's monthly revenue, leaving the debtor in extreme financial distress.

Significantly, the debtor has paid back in excess of $4.5 million out of $6.8 million to the Medicare Program, over the past four years. The debtor's operation have been devastated by these payments and have now been brought to the point of filing Ch. 11 bankruptcy, because the monthly Medicare payments now exceed debtor's revenue, leaving the debtor nothing for its operations.

Early this year, the hospice's patient census had grown to approximately 40 adults and no children cared for each day.

On November 1, 2019, the debtor was required to commence the within Chapter 11 proceeding. The decision to take the course followed many months of financial and other challenges. The debtor's top priority always has been and continues to be to provide the highest quality of care and service to its patients and families, followed closely by its continuing dedication to its staff and to the San Bernardino community. The debtor hopes that the within Chapter 11 proceeding will allow it to continue its operations and to reorganize.

The decision was based upon several critical challenges currently facing the debtor, including the withholding by Medicare, which provides over 95% percent source of the debtor's income.

It is estimated this reorganization process will take at least several months, during which time the debtor will strive to continue to provide excellent patient care for all its patients and families. In addition, the debtor intends to meet with governmental agencies to address their concerns, explore partnerships with other health care organizations, and work to restructure and resize the debtor to reflect the future of hospice care, considering all options to make the best decisions possible for its patients, families and staff.

The debtor does not own any real estate but is only renting the current address of the debtor to provide hospice care to its patients. Under the lease that the debtor has with its landlord, the monthly rent includes payment for electricity, water, trash and maintenance of common areas within the building. There are other tenants in the building.

## EXHIBIT B – TAX LIST
## SALES, USE AND FRANCHISE TAXES

| TAX TYPE | ESTIMATED AMOUNT |
|---|---|
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2015                                   Page 6                            F 2081-2.3.MOTION.PAYROLL

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Law office of David Akintimoye, 13800 Heacock Street Suite D113, Moreno Valley CA 92553

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION IN CHAPTER 11 CASE FOR ORDER AUTHORIZING DEBTOR-IN-POSSESSION TO: (1) PAY PREPETITION PAYROLL;  (2) HONOR PREPETITION EMPLOYMENT PROCEDURES; AND (3) CONTINUE PAYING TAXES [LBR 2081-1(a)(6)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 11/05/2019    , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
United States Trustee (RS) ustpregion.16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (date) 11/05/2019    , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

1. Hon. Scott C. Clarkson, United States Bankruptcy Judge, Ronald Reagan Federal Building, 411 West 4th St. Suite 5130, Santa Ana CA 92701

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 11/05/2019 | Elizabeth Akintimoye | |
| *Date* | *Printed Name* | *Signature* |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

                                                           **F 2081-2.3.MOTION.PAYROLL**

ADP
P.O. BOX 12513
EL PASO, TX 79912

ARENT FOX
555 WEST 5TH ST.48TH FL
LOS ANGELES, CA 90013

BANK OF AMERICA
735 N EUCLID AVENUE
ONTARIO, CA 91762

BREA IMPERIAL PLAZA
41593 WINCHESTER ROAD, #200
TEMECULA, CA 92590

CARLOS MORAN
P. O. BOX 2683
CHINO HILLS, CA 91709

CA DEPT. OF PUBLIC HEALTH
P.O. BOX 997376
SACRAMENTO, CA 95899-7376

CEDAR HOLDING DBA HIGHLAND PALMS
7534 PALM AVENUE
HIGHLAND, CA 92346

COUNTY OF SAN BERNARDINO
268 WEST HOSPITALITY 1ST FL
SAN BERNARDINO CA 92415-0465

1

EMPLOYMENT DEVELOPMENT DEPARTMENT
ATTN: CAMELIA RAMIREZ
646 N. SIERRA WAY
SAN BERNARDINO, CA 92410

FRANK PECK II
13920 CITY CENTER DR. #210
CHINO HILLS, CA 91710

ELITE HEALTHCARE PARTNERS DBA HOSPICE SOURCE
ATTN: GARY BEMIS ESQ.
3870 LA SIERRA AVENUE, #239
RIVERSIDE, CA 92505

FRANCHISE TAX BOARD,
P.O. BOX 942857
SACRAMENTO, CA 94257-0511

FRONTIER COMMUNICATIONS
PO BOX 740407
CINCINNATI, OH 45274-0407

HENDRICK FIRE PROTECTION
13309 CENTRAL AVENUE
CHINO CA 91710

INTERNAL REVENUE SERVICE
ATTN: M. ROHNER
290 N. D ST.,
SAN BERNARDINO CA 92401

LAUREL WELLNESS & NURSING
7509 LAUREL AVENUE
FONTANA, CA 92336

2

LITTLE MENDELSON
633 W. 5TH ST, FL 63
LOS ANGELES, CA 90071

MARLING LEASING
SERGIO I. SCUTERI, ESQ.
8000 MIDLANTIC DR, #300, MT. LAUREL NJ

MCKESSON
GABA GUERRINI LAW CORP
8383 IRVINE CTR, #500
IRVINE CA 92618

MEDEXPRESS DRUG SYSTEMS
425 W. RIDER ST., #B2
PERRIS CA 92571

NATIONAL FIRE LIABILITY
C/O THE LEVITON LAW FIR
3 GOLF CTR., #361
HOFFMAN EST IL 60169

NGS MEDICARE
8115 KNUE RD
INDIANAPOLIS INDIANA 46250

PAYCHEX, INC.
PO BOX 911931
DALLAS TX 75391

PINNACLE HEALTHCARE
5383 S. 900 EAST #204
SALT LAKE CITY UT 84117

3

POSEIDON CHINO CORP
MANAL ASKANDER
14726 RAMONA AVE, FL. 3
CHINO CA 91710

ROBERT LEGATE, ESQ.
2753 CAMINO CAPISTRANO, #A101
SAN CLEMENTE CA 92672

SLATER V. DELTA
BRIANA KIM, ESQ.
249 E. OCEAN BL., LONG BEACH CA 90802

SPECTRUM
PO BOX 60074
CITY OF INDUSTRY CA 91716

SPRINT
PO BOX 4181
CAROL STREAM IL 60197-4181

SRG LAW GROUP
8241 WHITE OAK AVENUE
RANCHO CUCAMONGA CA 91730

TIAA COMMERCIAL FINANCE, INC.
P O BOX. 911608
DENVER CO 80291-1608

THE HEALTH GROUP
6220 MID ATLANTIC DT.
MORGANTOWN WV 26508

4

TIM EJINDU
14726 RAMONA AVE, #200
CHINO CA 91765

T-MOBILE
P.O. BOX 790047
ST. LOUIS MO 63179-0047

WIIRE
ATTLESEY STORM
2552 WALNUT AVE, #100
TUSTIN CA 92780

Civil Process Clerk
United States Attorney's Office
Federal Building, Room 7516
300 North Los Angeles Street
Los Angeles, CA 90012

Attorney General
United States Department of Justice
Ben Franklin Station
P. O. Box 683
Washington, DC 20044

Executive Director
State Board of Equalization
450 N Street, MIC: 73
Sacramento, CA 95814-0073

Franchise Tax Board Chief Counsel
c/o General Counsel Section
P.O. Box 1720, MS: A-260
Rancho Cordova, CA 95741-1720

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

5

AT & T
c/o Bankruptcy
4331 Communications Dr.
Fir 4W
Dallas TX 7511


EFAX aka J2 Global Inc.
6922 Hollywood Blvd. 5th Floor
Los Angeles USA 90028

Tiger Connect
2110 Broadway
Santa Ana CA 90404

T. Mobile
T. Mobile Bankruptcy Team
P O Box 53410
Bellevue WA 98015-3410

Vonage Business Phones
23 Main Street
Holmdel NJ 07733

Spectrum
3347 Platt Springs Road
West Columbia SC 29170


Nextiva Inc.
8800 East Chaparral Road
Scottsdale AZ 85250