NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
JOLENE TANNER (SBN 285320)
    Assistant United States Attorneys
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3544
    Facsimile: (213) 894-0115
    E-mail: jolene.tanner@usdoj.gov

Attorneys for United States of America

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>DELTA HOSPICE OF CALIFORNIA, INC.,<br><br>Debtor. | Case No. 6:19-bk-19750-SC<br><br>Chapter 11<br><br>UNITED STATES OF AMERICA'S OPPOSITION TO DEBTOR'S MOTION TO PAY PREPETITION PAYROLL<br><br>Hearing Date:<br>Hearing Date:    December 3, 2019<br>Hearing Time:    1:30 p.m.<br>Location:    Video Hearing Room 126<br>    3420 Twelfth St.<br>    Riverside, CA 92501 |

     To the Honorable Scott C. Clarkson, United States Bankruptcy Judge, the Debtor, and all interested parties,

     PLEASE TAKE NOTICE that at the time and date shown above, the United States of America, on behalf of its agency the Internal Revenue Service, will, and hereby does oppose the Debtor's Motion to Pay Pre-Petition Payroll (Docket No. 5). The basis for this objection is set forth in the attached

Memorandum of Points and Authorities, the pleadings and record in this case, and all other evidence properly presented to the Court.

    PLEASE TAKE FURTHER NOTICE that the parties are hereby advised that Local Bankruptcy Rule 9013-1(g) requires any reply to this opposition shall be filed with the Court and served on the opposing party not later than seven (7) calendar days prior to the hearing. In addition, Local Bankruptcy Rule 9013-1(g)(2) requires that service of reply papers on the opposing parties shall be made by personal service, e-mail, or by overnight mail delivery service.

Dated: November 19, 2019                Respectfully submitted,

                                          NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

                                          /s/ Jolene Tanner
JOLENE TANNER
Assistant United States Attorney

Attorneys for
UNITED STATES OF AMERICA

**Memorandum of Points and Authorities**

**I. Statement of Facts**

On November 1, 2019, Delta Hospice of California, Inc. (the "Debtor") filed for chapter 11 relief. On November 8, 2019, the IRS filed its proof of claim in the total amount of $746,258.51, comprised of a secured claim in the amount of $701,210.81, and a priority unsecured claim in the amount of $24,485.22, and a general unsecured claim of $20,561.98 (Claim No. 1-1). The IRS recorded Notices of Federal Tax Lien ("NFTL"), covering the tax liabilities as reflected in Claim No. 1-1.

On November 6, 2019, the Debtor filed a Motion for Order Authorizing Debtor-in-Possession to: (1) Pay Prepetition Payroll; (2) Honor Prepetition Employment Procedures; and (3) Continue Paying Taxes (the "Motion," Docket No. 5).

**II. Law and Analysis**

**A. The IRS Liens Attach to All Property, Including Accounts Receivable, of the Debtor**

Pursuant to 26 U.S.C. §§ 6321 and 6322, a federal tax lien arises upon the property and rights to property of a delinquent taxpayer automatically upon assessment. The lien attaches to the taxpayer's property and rights to property that the taxpayer holds or subsequently acquires and continues until the lien has been satisfied or becomes unenforceable for lapse of time under 26 U.S.C. § 6502. *Id.* Although the lien arises at the time the tax assessment is made, a federal tax lien is not valid as against a holder of a valid security interest, mechanic's lienor, or judgment lien creditor until the NFTL is recorded. 26 U.S.C. §§ 6322, 6323(a), (f). In California, NFTLs upon personal property of a corporation, whether tangible or intangible, for obligations payable to the United States shall be filed with the secretary of state. 26 U.S.C. § 6323(f)(1)(A)(ii); CCP § 2101(c)(1).

The recording of an NFTL "renders the federal tax lien extant for 'first in time' priority purposes ...." *Capitol Waste, Inc. v. A Greener Globe*, No. 2:10-CV-866 FCD EFB, 2011 WL 1459014, at *2 (E.D. Cal. Apr. 15, 2011) (*citing U.S. By & Through I.R.S. v. McDermott*, 507 U.S. 447, 453 (1993); 26 U.S.C. § 6323) (quotation omitted). The lien continues to attach to property interest acquired by the taxpayer until the lien is satisfied. *Glass City Bank v. United States*, 326 U.S. 265, 267 (1945).

If the party in question possesses an interest in the property pursuant to the applicable state law, then the tax lien encumbers all property and rights to property, whether real or personal, tangible or

intangible of a taxpayer who fails to pay taxes due and owing after assessment and demand. 26 C.F.R. § 301.6321-1. The reach of a federal tax lien is broad, and extends to every interest in property that a taxpayer may have. *United States v. Nat'l. Bank of Comm.*, 472 U.S. 713, 719-20 (1985).[1]

The IRS statutory liens arose upon assessment as set forth in the IRS proof of claim.[2] The IRS made an assessment on tax periods for which there are liens recorded as early as August 14, 2017. The liens were recorded, as set forth in the IRS Claim No. 1-1, with the California Secretary of State and with the San Bernardino County Recorder's Office.

**B. The Debtor Does Not Have Authority to Use Cash Collateral and the United States Objects to Such Use**

Pursuant to section 363(c)(2)(A) and (B), a trustee or debtor-in-possession may only use "cash collateral" if the affected secured creditor consents, or if "the court, after notice and a hearing, authorizes such use." *See In re George Ruggiere Chrysler-Plymouth, Inc.*, 727 F.2d 1017, 1019, fn. 3 (11th Cir. 1984) (*citing* 11 U.S.C. § 363(c)(2)(B)).

Section 363(e) states that "[n]otwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e). The requirement of adequate protection set forth in section 363 balances the divergent interests of debtors

---

[1] *See also United States v. Metropolitan Life Ins.*, 874 F.2d 1497, 1500 (11th Cir. 1989) (tax lien reaches intangible interests in property such as annuities); *United States v. Taylor*, No. 6:99-9247-24, 2000 WL 1683007, at *3 (D.S.C. Sept. 27, 2000) ([t]ax liens attach to all property, real or personal, belonging to the taxpayer at any time during the period of the lien, including any property or rights to property acquired by such person after the lien arises) (*citing* 26 C.F.R. § 302.6321-1).

[2] The United States notes that the majority tax liabilities on the proof of claim are for employment taxes. Sections 3101 and 3402 of the Internal Revenue Code of 1986 (26 U.S.C.) require employers to withhold federal social security and income taxes from the wages of their employees. The withheld taxes constitute a special fund held in trust for the benefit of the United States under section 7501 of the Internal Revenue Code. *Slodov v. United States*, 436 U.S. 238, 242-45 (1978); *In re Technical Knockout Graphics, Inc.*, 833 F.2d 797, 799 (9th Cir. 1987). "Trust fund taxes" are amounts withheld from an employee's wages (*i.e.*, income tax withholding, social security and Medicare taxes (FICA)) by an employer and held in trust until paid to the Treasury. 26 U.S.C. §§ 3101(a) and (b), 3402, and 7501. An employee's "trust fund taxes," along with an employer's matching share of FICA (known as "non-trust fund taxes"), are paid to the Treasury through the Federal Tax Deposit System and on a quarterly basis. *Id.*, 26 U.S.C. § 3111(a) and (b).

1  and secured creditors by allowing the debtor to use cash collateral while ensuring that the creditor will
2  ultimately receive the full value of that collateral. *In re Proalert, LLC*, 314 B.R. 436, 441-42 (9th Cir.
3  BAP 2004). In order to protect the secured creditor's interest while allowing debtor to use the property
4  for the purpose of reorganization, section 363(e) specifies that the court shall condition the use of
5  secured property "as is necessary to provide adequate protection of such interest." *Id.*

6  "A court's authorization for use of cash collateral must adequately protect the creditor's interest
7  in that collateral." *In re Sunnymead Shopping Center Co.*, 178 B.R. 809, 814 (9th Cir. BAP 1994)
8  (*referencing U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 203-04 (1983)). "Adequate protection" may be
9  provided by (1) periodic cash payments, (2) replacement liens, and (3) other relief that is the
10 "indubitable equivalent" of the interest. 11 U.S.C. § 361.

11  The Debtor has not requested authority to use the United States' cash collateral. The tax lien
12 attaches to all cash and cash equivalents, including accounts receivable. Any funds that come into the
13 estate are the IRS's cash collateral. Moreover, the Debtor has not demonstrated that the Government is
14 adequately protected, such that it may use the IRS's cash collateral.

15  The Motion contains numerous deficiencies. The Motion is not clear as to what funds the
16 Debtor has on hand to make the proposed payments to employees. Further, there is no declaration or
17 other evidence to support a finding that 11 U.S.C. § 507(a)(4) is satisfied as to each individual to be
18 paid. Additionally, any payment to employees will trigger an employment tax liability. *See* 26 C.F.R. §
19 31.6302–1(a), (c) (Where payroll is made on a Wednesday, Thursday, or Friday, the deposit is due on
20 or before the following Wednesday. Where payroll is made on a Saturday, Sunday, Monday, or
21 Tuesday, the federal tax deposit is due on the following Friday.); 26 C.F.R. § 601.401. The Motion is
22 silent as to how any post-petition tax liability will be satisfied.

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

### III. Conclusion

Based on the foregoing, the United States respectfully requests that the Court deny the Motion.

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

Dated: November 19, 2019

/s/  Jolene Tanner
JOLENE TANNER
Assistant United States Attorney
Attorneys for the United States of America

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
300 N. Los Angeles Street, Room 7211
Los Angeles, CA 90012

A true and correct copy of the foregoing document entitled (*specify*): United States of America's Opposition to Debtor's Motion to Pay Prepetition Payroll will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/19/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 11/19/2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 11/20/2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Scott C. Clarkson    (Personal delivery)
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/19/2019 | Barbara Le | *(signature)* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

**PROOF OF SERVICE OF DOCUMENT (Attachment)**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

   - David A Akintimoye    daa225110@gmail.com
   - Abram Feuerstein    abram.s.feuerstein@usdoj.gov
   - Everett L Green    everett.l.green@usdoj.gov
   - Roksana D. Moradi-Brovia    roksana@rhmfirm.com, matt@rhmfirm.com;rosario@rhmfirm.com;janita@rhmfirm.com;jhayes@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.
   - United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

2. **SERVED BY UNITED STATES MAIL:**

   **Delta Hospice of California Inc**
   14726 Ramona Avenue #200
   Chino, CA 91710

   **United States Trustee (RS)**
   3801 University Avenue, Suite 720
   Riverside, CA 92501-3200

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**