Roksana D. Moradi-Brovia (Bar No. 266572)
Matthew D. Resnik (Bar No. 182562)
**RESNIK HAYES MORADI LLP**
17609 Ventura Blvd., Suite 314
Encino, CA 91316
**Telephone:** (818) 285-0100
**Facsimile:** (818) 855-7013
roksana@RHMFirm.com
matt@RHMFirm.com

*Proposed Attorneys for*
Patient Care Ombudsman,
Timothy J. Stacy, DNP, ACNP-BC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No. 6:19-bk-19750-SC |
| | Chapter 11 |
| DELTA HOSPICE OF CALIFORNIA INC., | |
| | |
| Debtor. | **APPLICATION OF PATIENT CARE OMBUDSMAN TO EMPLOY RESNIK HAYES MORADI LLP AS BANKRUPTCY COUNSEL EFFECTIVE AS OF NOVEMBER 12, 2019; DECLARATION OF ROKSANA D. MORADI-BROVIA IN SUPPORT THEREOF** |
| | *(No hearing required pursuant to LBR 9013-1(o))* |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES**

**BANKRUPTCY JUDGE; THE UNITED STATES TRUSTEE AND HIS COUNSEL**

**OF RECORD; THE DEBTOR AND ITS COUNSEL OF RECORD; AND ALL**

**PARTIES IN INTEREST:**

Timothy J. Stacy, DNP, ACNP-BC, the Patient Care Ombudsman (the "PCO" and

sometimes "Dr. Stacy") appointed under Section 333 of the Bankruptcy Code in the above

**RESNIK HAYES
MORADI LLP**

**1**

**APPLICATION TO EMPLOY
COUNSEL**

referenced Chapter 11 bankruptcy case of Delta Hospice of California Inc. (hereinafter the "Debtor"), hereby submits his application for Court approval of his employment of Resnik Hayes Moradi LLP (the "Firm") as bankruptcy counsel, at the expense of the Debtor's estate, with compensation determined and paid pursuant to 11 U.S.C. §330 and any orders of this Court, effective as of date of appointment of the PCO, November 12, 2019.

In support of this Application, the PCO hereby alleges as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

*A. Introduction*

The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on November 1, 2019 ("Petition Date").

The Debtor provides a holistic program of care and support for terminally ill patients in the city of Chino. It provides patients with skilled nursing care; medical equipment such as oxygen and hospital beds, medical supplies, such as diapers and wound care dressings; all medications relating to the terminal illness; certified hospice aides (bath nurses) and homemaker services; medical social worker services, dietary counseling; grief and loss counseling for patients and family.

Following due diligence and interviews by the United States Trustee ("UST") and based on his substantial experience as a licensed hospitalist and critical care provider and on his highly regarded credentials as an Associate Chief Hospitalist and Chair of the Interdisciplinary Committee at Sherman Oaks and Encino Hospitals for the past five years, on or around November 8, 2019, the UST filed his *Notice of Appointment of a Patient Care Ombudsman* (Docket No. 14) and *Application for Order Approving the Appointment of Patient Care Ombudsman* (Docket No. 15) which resulted in entry of the *Order Approving the Appointment of a Patient Care Ombudsman* (Docket No. 18), pursuant to Dr. Stacy was appointed to serve as the PCO in the Debtor's case.

**RESNIK HAYES
MORADI LLP**

**2**

**APPLICATION TO EMPLOY
COUNSEL**

*B.   The PCO's Need to and Request to Employ Bankruptcy Counsel*

A patient care ombudsman appointed under 11 U.S.C. §333 must: (1) monitor the quality of patient care provided to patients of the debtor, to the extent necessary under the circumstances, including interviewing patients and physicians; (2) not later than 60 days after the date of appointment, and not less frequently than at 60-day intervals thereafter, report to the court after notice to the parties in interest, at a hearing or in writing, regarding the quality of patient care provided to patients of the debtor; and (3) if such ombudsman determines that the quality of patient care provided to patients of the debtor is declining significantly or is otherwise being materially compromised, file with the court a motion or a written report, with notice to the parties in interest immediately upon making such determination. 11 U.S.C. §333(b).

The PCO requires the assistance of the Firm to adequately and efficiently discharge his duties, to understand the scope of his duties as well as the activities and events of the case which are relevant to performing such duties, analyzing, drafting and filing his reports and other documents in the Debtor's case, and with regard to discussions, negotiations, meetings or Court hearings that relate to his duties as the PCO.

The PCO is a licensed medical professional. In order for him to timely and competently comply with his duties within the relatively small amount of time allotted for him to do so under the applicable Bankruptcy Code and Bankruptcy Rule provisions, he needs an opportunity to focus primarily on patient care issues without having to spend any significant amount of time on the legal and procedural aspects of the case.

Having bankruptcy counsel will streamline the PCO's ability to focus primarily on patient care issues, while facilitating his need to understand the relevant facts and circumstance of theses case and timely reporting the Court as to patient care matters.

Bankruptcy courts, including courts in this District, routinely authorize patient care ombudsman to retain professionals. *See, e.g., In re Plaza Healthcare LLC, et al.,* (Bankr. C.D. Cal. Case No. 8:14-bk-11335-CB); *In re Synergy Hematology-Oncology Med.*

**RESNIK HAYES
MORADI LLP**

**3**

**APPLICATION TO EMPLOY
COUNSEL**

1  *Assocs.,* 433 B.R. 316, 318 (Bank. C.D. Ca. 2009) (holding a PCO could employ counsel

2  to assist in a health case bankruptcy case); *In re Fairfax MRI Ctr.,* (Bankr. C.D. Cal. Case

3  No. 2:07-bk-17992-ER); *In re Ehab A. Mohammad Medical Corp., Inc.,* (Bankr. C.D. Cal.

4  Case No. 8:08-bk-18104-GM); *In re Kenneth Lawenda OD,* (Bankr. C.D. Cal Case No.

5  2:08-bk-10796-RN); Robert W. Hunt, A Medical Corp. (Bankr. C.D. Cal. Case No.: 2:11-

6  bk-58228-ER); Michael M. Kamroava, (Bankr. C.D. Cal. Case No. 2:11-bk-62013-TD); In

7  re Renaissance Arts At Newport Harbor, LLC, (Bankr. C.D. Cal. Case No. 8:11-bk-19749-

8  SC); In re Huntington Pointe Surgery Center LLC, (Bankr. C.D. Cal. Case No. 8:08-bk-

9  14237-RK); In re Pacifica of the Valley Corp., (Bankr. C.D. Cal. Case No. 1:09-bk-11678-

10  MT); In re Glen Robert Justice & Jane Grace Justice, (Bankr. C.D. Cal. Case No. 8:11-bk-

11  26252-CB); In re OC Neonatal Group, Inc., (Bankr. C.D. Cal. Case No. 8:11-bk-25202-

12  MW); In re Mendocino Coast Health Care District, (Bankr. N.D. Cal. Case No. 1:12-bk-

13  12753-AJ); In re Florence Hospital at Anthem, (Bankr. C.D. Cal. Case Nos. 13-03201-

14  BMW and Case No. 2:18-bk-04537-BMW); In re Gilbert Hospital, LLC (Bankr. D. Arixz.

15  Case No. 14-bk-01451-MCW and Case No. 4:18-bk-04557-BMW); In Re Primecare

16  Nevada Inc. dba Nye regional Medical Center, (Bankr. D. Ariz. Case No. 4:13-bk-01738-

17  BMW); see also 3 Collier on Bankruptcy, ¶ 333.05[1], at 333-01 (15th ed. Rev. 2006) ("If

18  the healthcare business is large or complicated, the ombudsman could be expected to retain

19  professionals to assist in the discharge of the ombudsman's duties.").

20     A patient care ombudsman's duties differ substantially from the interests of any of

21  the parties in interest, such as the debtor or a committee of creditors. Consequently, a

22  patient care ombudsman should not be required to rely on counsel for a debtor or a

23  committee for legal advice or legal services in carrying out the duties of ombudsman.

24  Thus, in an appropriate case, it is important that a patient care ombudsman have separate

25  legal counsel to advise on the duties under §333 and to assist in presentations to the Court

26  pursuant to the statutory requirements. *See Synergy*, 433 B.R. at 319; *see also, In re*

27  *Renaissance Hosp.—Grand Prairie, Inc.,* 399 B.R. 442, 448 (Bankr. N.D. Tex. 2008) ("As

28

**4**

RESNIK HAYES
MORADI LLP

**APPLICATION TO EMPLOY
COUNSEL**

1   it is doubtful that every suitable candidate for the ombudsman role will possess not only

2   the qualifications necessary to "monitor the quality of patient care' but also the expertise

3   necessary to prepare legal documents and appear in court, it seems clear that Congress

4   must have anticipated that an ombudsman would, on occasion have to have the assistance

5   of counsel.")

6

7   C. *The Firm's Qualifications to Represent the PCO in this Case*

8       As set forth in the Firm's resume, a true and correct copy of which is attached

9   hereto as **Exhibit "A,"** the Firm has extensive experience in matters of insolvency,

10  reorganization and bankruptcy law and litigation matters and is therefore well-qualified to

11  represent the PCO in proceedings of this nature.

12      Counsel Roksana D. Moradi-Brovia, who will be primarily responsible for this

13  matter, has in the past and continues to represent the PCO as bankruptcy counsel in several

14  Chapter 11 cases.  Ms. Moradi-Brovia also represents Dr. J. Nathan Rubin, M.D.,

15  F.A.C.C., who is a commonly appointed as a patient care ombudsman here in the Central

16  District.

17      Additionally, Ms. Moradi-Brovia previously worked and interfaced productively

18  with Constance R. Doyle, RN, BSN, MSA, who was appointed as the patient care

19  ombudsman in four Chapter 11 cases in which Ms. Moradi-Brovia was primarily

20  responsible for the representation of the debtor therein.

21

22  D. *Disinterestedness*

23      As set forth in detail in the attached declaration of Ms. Moradi-Brovia, to the best of

24  her knowledge, other than as set forth therein, the Firm does not hold or represent any

25  interest adverse to the Debtor or the Debtor's estate, and the Firm is a "disinterested

26  person" as that term is defined in Section 101(14) of the Bankruptcy Code.

27

28

**RESNIK HAYES**
**MORADI LLP**

**5**

**APPLICATION TO EMPLOY**
**COUNSEL**

As further set forth in the attached declaration of Ms. Moradi-Brovia, and other than as set forth herein, to the best of her knowledge:

1. Neither the Firm nor any of its attorneys or employees have any prior connection with the Debtor or its estate;

2. Neither the Firm nor any of its attorneys or employees have represented the Debtor, its principals, insiders, or affiliates, and has no plans to represent any other related debtors, principles, insiders or affiliates;

3. Neither the Firm nor any of its attorneys or employees is a creditor of the estate or is owed any funds by the Debtor;

4. Neither the Firm nor any of its attorneys or employees has any relationship or connection with the Debtor's creditors or other parties in interest or their respective attorneys or accountants;

5. Neither the Firm nor any of its attorneys or employees has any connection with the UST, persons employed by the UST, persons employed by the Bankruptcy Court or a Bankruptcy Judge, or any of their respective attorneys or accountants.  No person at the Firm is a relative of the UST or a Bankruptcy Judge;

6. Neither the Firm nor any of its attorneys or employees has ever been an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtor.

7. Neither the Firm nor I have ever been an equity security holder, insider, director, officer or employee of the Debtor;

8. The Firm does hold or represent an interest adverse to the estate; and

9. The Firm has not made any arrangements for the sharing of fees with any other person or entity.

**RESNIK HAYES
MORADI LLP**

**APPLICATION TO EMPLOY
COUNSEL**

*E.  Compensation.*

The Firm seeks to be paid from the Debtor's estate including for any and all fees incurred and expenses advanced by the Firm from and after November 12, 2019.  The Firm recognizes that all payments of its earned fees and expenses will be subject to interim and final approval of the Court after notice and a hearing.

The Firm will bill its time for its representation of the PCO on an hourly basis in accordance with the Firm standard hourly billing rates. The Firm will provide monthly billing statements to the PCO that will set forth the amount of fees incurred and expenses advanced by the Firm during the previous month. The Firm will seek reimbursement of expenses in accordance with the rates set forth in the rules guidelines previously promulgated by the UST.  Ms. Moradi-Brovia's hourly rate is currently $425 and the Firm's paralegals bill out at $135 per hour.

The Firm understands the provisions of 11 U.S.C. §330 which require, among other things, Court approval of the PCO's employment of the Firm as counsel for the PCO and of all legal fees and reimbursement of expenses that the Firm will receive from the Debtor and the Debtor's estate.

*F.  Notice of this Application.*

Pursuant to *Local Bankruptcy Rule* 2014-1, a *Notice of Application of Patient Care Ombudsman to Employ Resnik Hayes Moradi LLP as its General Bankruptcy Counsel* will be served concurrently with this Application on all interested parties, as required.

Based on the foregoing, the PCO believes that his employment of the Firm upon the terms and conditions set forth above is fair, reasonable and warranted under the facts and circumstances of the Debtor's case.

///

///

**RESNIK HAYES
MORADI LLP**

**7**

**APPLICATION TO EMPLOY
COUNSEL**

1      **WHEREFORE**, Timothy J. Stacy, DNP, ACNP-BC, the Patient Care Ombudsman

2  ("PCO") appointed under Section 333 of the Bankruptcy Code in the above referenced

3  Chapter 11 bankruptcy case of Delta Hospice of California Inc., respectfully requests that

4  Court enter an order (1) approving this Application, (2) approving the PCO's employment

5  of Resnik Hayes Moradi LLP as his bankruptcy counsel, at the expense of the Debtor's

6  estate and upon the terms and conditions set forth above, effective as of November 12,

7  2019, and (3) affording such other and further relief as is warranted under the

8  circumstances.

9
   Dated: November 26, 2019                    **RESNIK HAYES MORADI LLP**
10

11                                             **By:**     **/s/ Roksana D. Moradi-Brovia**
                                                          **Roksana D. Moradi-Brovia**
12                                                        **Matthew D. Resnik**
                                                          *Proposed Attorneys for*
13                                                        Patient Care Ombudsman,
                                                          Timothy J. Stacy, DNP, ACNP-BC
14

15  Dated: November 26, 2019

16                                                        **SEE NEXT PAGE**
                                               **By:**
17                                                        **Patient Care Ombudsman**
                                                          Timothy J. Stacy, DNP, ACNP-BC
18

19

20

21

22

23

24

25

26

27

28

**8**

**RESNIK HAYES**
**MORADI LLP**

**APPLICATION TO EMPLOY**
**COUNSEL**

**WHEREFORE**, Timothy J. Stacy, DNP, ACNP-BC, the Patient Care Ombudsman ("PCO") appointed under Section 333 of the Bankruptcy Code in the above referenced Chapter 11 bankruptcy case of Delta Hospice of California Inc., respectfully requests that Court enter an order (1) approving this Application, (2) approving the PCO's employment of Resnik Hayes Moradi LLP as his bankruptcy counsel, at the expense of the Debtor's estate and upon the terms and conditions set forth above, effective as of November 12, 2019, and (3) affording such other and further relief as is warranted under the circumstances.

Dated: November 21, 2019                          **RESNIK HAYES MORADI LLP**

                                        **By:**    **/s/ Roksana D. Moradi-Brovia**
                                                **Roksana D. Moradi-Brovia**
                                                **Matthew D. Resnik**
                                                *Proposed Attorneys for*
                                                Patient Care Ombudsman,
                                                Timothy J. Stacy, DNP, ACNP-BC

Dated: November 21, 2019

                                        **By:**
                                                **Patient Care Ombudsman**
                                                Timothy J. Stacy, DNP, ACNP-BC

**8**

**RESNIK HAYES
MORADI LLP**

                                        **APPLICATION TO EMPLOY
                                        COUNSEL**

## DECLARATION OF ROKSANA D. MORADI-BROVIA

I, Roksana D, Moradi-Brovia, declare as follows:

1.      I am an attorney at law licensed in the State of California and authorized to practice before the District Courts in the Central District of California, and before this Court.  I am over the age of 18.  I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently with respect thereto. Where facts are alleged upon information and belief, I believe them to be true.

2.      I am counsel of record for Timothy J. Stacy, DNP, ACNP-BC, the Patient Care Ombudsman (the "PCO" and sometimes Dr. Stacy) appointed in this case.

3.      I am a partner at Resnik Hayes Moradi LLP (the "Firm" or "Applicant" herein).

4.      On or around November 8, 2019, the United States Trustee ("UST") filed his *Notice of Appointment of a Patient Care Ombudsman* (Docket No. 14) and *Application for Order Approving the Appointment of Patient Care Ombudsman* (Docket No. 15) which resulted in entry of the *Order Approving the Appointment of a Patient Care Ombudsman* (Docket No. 18), pursuant to Dr. Stacy was appointed to serve as the PCO in the Debtor's case.

5.      The Firm will assist the PCO in adequately and efficiently discharging his duties, to understand the scope of his duties as well as the activities and events of the case which are relevant to performing such duties, analyzing, drafting and filing his reports and other documents in the Debtor's case, and with regard to discussions, negotiations, meetings or Court hearings that relate to his duties as the PCO.

6.      The PCO is a licensed medical professional. In order for him to timely and competently comply with his duties within the relatively small amount of time allotted for him to do so under the applicable Bankruptcy Code and Bankruptcy Rule provisions, he

**9**

**APPLICATION TO EMPLOY
COUNSEL**

1   needs an opportunity to focus primarily on patient care issues without having to spend any

2   significant amount of time on the legal and procedural aspects of the case. Having

3   bankruptcy counsel will streamline the PCO's ability to focus primarily on patient care

4   issues, while facilitating his need to understand the relevant facts and circumstance of

5   theses case and timely reporting the Court as to patient care matters.

6       7.      As set forth in the Firm's resume, a true and correct copy of which is

7   attached hereto as **Exhibit "A,"** the Firm has extensive experience in matters of

8   insolvency, reorganization and bankruptcy law and litigation matters and is therefore well-

9   qualified to represent the PCO in proceedings of this nature.

10      8.      I have in the past and continue to represent the PCO as bankruptcy counsel in

11  several Chapter 11 cases.  I also represent Dr. J. Nathan Rubin, M.D., F.A.C.C., who is a

12  commonly appointed as a patient care ombudsman here in the Central District.

13  Additionally, I previously worked and interfaced productively with Constance R. Doyle,

14  RN, BSN, MSA, who was appointed as the patient care ombudsman in four Chapter 11

15  cases in which I was primarily responsible for the representation of the debtor therein.

16      9.      Other than as set forth therein, and to the best of my knowledge, neither the

17  Firm nor I hold or represent any interest adverse to the Debtor or the Debtor's estate, and

18  the Firm is a "disinterested person" as that term is defined in Section 101(14) of the

19  Bankruptcy Code.

20      10.     Neither the Firm nor any of its attorneys or employees has any prior

21  connection with the Debtor or her estate.

22      11.     Neither the Firm nor any of its attorneys or employees have represented the

23  Debtor, her insiders or affiliates, and has no plans to represent any other related debtors,

24  insiders or affiliates.

25      12.     Neither the Firm nor any of its attorneys or employees is a creditor of the

26  estate or is owed any funds by the Debtor.

27

28

**RESNIK HAYES
MORADI LLP**

**10**

**APPLICATION TO EMPLOY
COUNSEL**

13.     Neither the Firm nor any of its attorneys or employees has any relationship or connection with the Debtor's creditors or other parties in interest or their respective attorneys or accountants.

14.     Neither the Firm nor any of its attorneys or employees has any connection with the UST persons employed by the UST, persons employed by the Bankruptcy Court or a Bankruptcy Judge, or any of their respective attorneys or accountants.  No person at the Firm is a relative of the UST or a Bankruptcy Judge.

15.     Neither the Firm nor any of its attorneys or employees has ever been an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtor.

16.     Neither the Firm nor I have ever been an insider or employee of the Debtor.

17.     The Firm does hold or represent an interest adverse to the estate.

18.     The Firm has not made any arrangements for the sharing of fees with any other person or entity.

19.     The Firm will seek to be paid from the Debtor's estate for any and all fees incurred and expenses advanced by the Firm from and after November 12, 2019.  The Firm recognizes that all payments of its earned fees and expenses will be subject to interim and final approval of the Court after notice and a hearing.

20.     The Firm will bill its time for its representation of the PCO on an hourly basis in accordance with the Firm standard hourly billing rates. The Firm will provide monthly billing statements to the PCO that will set forth the amount of fees incurred and expenses advanced by the Firm during the previous month. The Firm will seek reimbursement of expenses in accordance with the rates set forth in the rules guidelines previously promulgated by the UST.  My hourly rate is currently $425 and the Firm's paralegals bill out at $135 per hour.

21.     I understand the provisions of 11 U.S.C. §330 which require, among other things, Court approval of the PCO's employment of the Firm as counsel for the PCO and

**11**

**APPLICATION TO EMPLOY
COUNSEL**

1 | of all legal fees and reimbursement of expenses that the Firm will receive from the Debtor

2 | and the Debtor's estate.

3 |      22.     Pursuant to *Local Bankruptcy Rule* 2014-1, a *Notice of Application of Patient*

4 | *Care Ombudsman to Employ Resnik Hayes Moradi LLP as its General Bankruptcy*

5 | *Counsel* will be served concurrently with this Application on all interested parties, as

6 | required.

7 |

8 |      Executed on Tuesday, November 26, 2019, at Encino, California.

9 |

10 |      I declare under penalty of perjury under the laws of the United States of America

11 | that the foregoing is true and correct.

12 |                      **/s/  Roksana D. Moradi-Brovia**

13 |                        Roksana D. Moradi-Brovia

**RESNIK HAYES
MORADI LLP**

**12**

**APPLICATION TO EMPLOY
COUNSEL**

# EXHIBIT A

## RESNIK HAYES MORADI LLP
### RESUME

Resnik Hayes Moradi, LLP is a boutique law firm which specializes in consumer bankruptcy, business bankruptcy, civil litigation including wrongful foreclosure, unlawful detainers and general business disputes. The Firm handles appeals in all courts as well.

Resnik Hayes Moradi, LLP has six attorneys and seven paralegals. It operates out of offices located in Encino and downtown Los Angeles.

Resnik Hayes Moradi LLP has three partners who have practiced together since 2012. Each of the three partners is a Certified Bankruptcy Specialist, California Bar Association, Board of Legal Specialization. The three associates have over 50 years of legal experience in a variety of areas of law.

Resnik Hayes Moradi, LLP files bankruptcy petitions for consumer and business debtors in all five divisions of the Central District of California, and, on occasion, in other districts in California. The partners of the Firm have filed or overseen at least 4,000 consumer bankruptcy cases in the past 20 years. The Firm has filed at least 150 Chapter 11 cases in the past eight years and confirmed more than 100 of those cases.

---

### M. Jonathan Hayes, Partner

Practice Areas:
Bankruptcy & Insolvency, General Civil Litigation

Certified Bankruptcy Specialist, California Bar Association, Board of Legal Specialization, 2007 to date

Education:
Loyola University School of Law (J.D., 1977)
Loyola University (B.A., 1971)
Straus Institute for Dispute Resolution of the Pepperdine University School of Law, 30 hours (Certificate received 1995)

M. Jonathan Hayes concentrates his practice in bankruptcy and corporate - business litigation. He has represented many Chapter 11 debtors, businesses and individuals, and effected many successful reorganization plans. Mr. Hayes' recent chapter 11 cases include representing a chain of 28 retail clothing stores, am architectural firm, a clothing manufacturer with 110 employees, a specialty vodka manufacturer, six adult health care facilities, a 66 room hotel in Laguna Beach, a small trucking company, a medical clinic, a company that owed two Baskin Robbins stores, a former major league baseball player with $40 million in assets; a company which had 225 lawsuits pending against it on the date of filing being defended by the debtor's insurance company; a company which owned 20 oil wells; a company which owned a large hotel in Culver City which was sold during the case for $25 million, a "dot com" company; a Condominium Homeowners

**RESNIK HAYES MORADI LLP**
**RESUME**

Association fending off a $9 million judgment creditor; a furniture manufacturing company ($4 million annual sales); a chain of carpet stores ($10 million annual sales); an employee leasing company ($30 million in annual sales); a wireless entertainment equipment sales company; a litigation attorney; a sunglass wholesaling company; a bait tank and machine shop; and a small commercial center.

From 2012 through mid-2019, Mr. Hayes has filed or otherwise taken-over approximately 143 chapter 11 cases including 112 cases for individuals primarily trying to save their homes and other real property.  In the past, he has represented three franchisees in the Econo-Lube bankruptcy filing adversary proceedings for each demanding more than $10 million in total and settling each successfully.  He represented the Creditor's Committee in the MiDici Pizza case, Lucy's LaundryMart and SBB Roofing chapter 11 cases.  He was lead counsel for the Creditor's Committee in the Breath Asure, Inc. Chapter 11 and the B.C. Oil, Inc. Chapter 11.

Mr. Hayes has prosecuted and defended about twenty-five bankruptcy appeals to the Bankruptcy Appellate Panel, the district court, and the 9th Circuit Court of Appeals.

Mr. Hayes has prosecuted and defended complaints to declare debts non-dischargeable, to deny the discharge and other bankruptcy related litigation matters.  He has defended several fraudulent conveyance actions brought by trustees in so-called Ponzi schemes.  He has filed many Chapter 7 and Chapter 13 petitions for clients and has handled many bankruptcies that are commenced because of tax problems of the debtors.

Mr. Hayes has litigated many disputes in California Superior Court including at least 20-25 trials. The most recent was the successful defense of an escrow company who was sued for $1 million based on alleged fraud.  He has represented minority shareholders in state court, prosecuted malpractice claims against attorneys and defended attorneys in malpractice claims.

Mr. Hayes is a partner at Resnik Hayes Moradi LLP, a boutique firm of six attorneys located in Encino, California.  The firm practices bankruptcy and insolvency law and general civil litigation.

Mr. Hayes has been a member of the panel of mediators of the Bankruptcy Mediation Program for the Central District of California since the program's inception in 1995.  He estimates that he has presided over at least 125 mediations in total.  He received has received the following awards and commendations:

- 2017-2018 Most Frequently Chosen Mediation, Central District of California and Los Angeles Division
- 2016-2017 Mediator Who Settled the Most Number of Mediations, U.S. Bankruptcy Court, Central District of California, San Fernando Valley Division
- 2014-2015 Most Frequently Chosen Mediator, San Fernando Valley Division (2-way tie)
- 2013-2014 Most Frequently Chosen Mediator, San Fernando Valley Division; Mediator Who Settled the Most Number of Mediations, San Fernando Valley Division
- 2003-2004 Most Frequently Chosen Mediator, U.S. Bankruptcy Court, Central District of California, Los Angeles Division

**RESNIK HAYES MORADI LLP**
**RESUME**

- 2000-2001 Most Frequently Chosen Mediator, Los Angeles Division; Mediator Who Settled the Most Number of Mediations, Los Angeles Division

In addition, Mr. Hayes

- is a Lawyer Representative to the Central District Judicial Conference, 2014 to present.
- is the past President, 2013 and 2014,  and a member of the Board of Directors of the Central District Consumer Bankruptcy Attorneys Association ("cdcbaa").
- is the Director of the Bankruptcy Litigation Clinic at the University of West Los Angeles where law students from UWLA are used to help parties deal with litigation in bankruptcy court on a pro bono basis.
- is on the Board of Editors of the California Bankruptcy Journal since 2001.
- is of the Board of Directors and a member of the James T. King Bankruptcy Inn of the Court in Los Angeles.
- He was previously on the Board of Directors of the Los Angeles Bankruptcy Forum, 2013 to 2018.
- He was previously a member of the California State Bar Board of Legal Specialization, Bankruptcy Law Advisory Commission ("BLAC"), 2010 to 2018.  He was Vice-Chairman for the year 2016-2017 and Chairman for the year 2017-2018.  The BLAC prepares and grades the bi-annual examination for candidates for legal specialization and chooses those who are entitled to be certified.

Mr. Hayes has written many articles including:

- "Lawyers are People Too," for the Central District Consumer Bankruptcy Attorneys Assn Newsletter.  Interviews with Paul Winkler, Dennis McGoldrick, Pat Green, Daniela Romero, and Stella Havkin.
- "Community Property or No? Battle of the Presumptions," Central District Consumer Bankruptcy Attorneys Assn Newsletter, No. 17, March, 2016.
- "Thoughts on Justice Antonin Scalia,"  *The Academy, National Assn of Chapter 13 Trustees,* February 29, 2016
- "Predictions on *In re Bellingham*," *The Academy, National Assn of Chapter 13 Trustees,* February 16, 2014
- "The Section 1111(b) Election: A Primer," *California Bankruptcy Journal,* December 2011 (with Roksana Moradi).
- "How Does an Above-Median Chapter 13 Debtor Compute Her Plan Payments?," *Preview of the United States Supreme Court Cases, American Bar Association*, Issue No. 6, Vol. 37, March 22, 2010 (analysis of *Hamilton v. Lanning*).
- "11 U.S.C. §523(a)(19) Application of Denial of Discharge to Securities Law Violators," *American Bar Association, Journal of the Bankruptcy and Insolvency Committee*, Vol. 15, No. 3, Summer 2009 (with Robert J. Haupt and Robert N. Sheets).
- "A Chapter 13 Primer for the Non-Chapter 13 Bankruptcy Attorney," *California Bankruptcy Journal,* January, 2009 (with James T. King).
- "Chapter 7 Bad Faith, Substantial Abuse and Dismissal with Prejudice: Totality of the Circumstances Needs to be Rethunk," *California Bankruptcy Journal,* January, 2005.

**3**

## RESNIK HAYES MORADI LLP
### RESUME

- "The Expanding Liability of Corporate Directors and Officers: Now You Have to Worry About "In the Vicinity of Insolvency," A Judicially Created Gun for Creditors, with Morton S. Rosen, *California Bankruptcy Journal,* March, 2004.
- "Attorneys Should Follow Simple Bankruptcy Law Rules of Thumb," *Los Angeles Daily Journal*, August 30, 2002.
- "The Bankruptcy Discharge: It's Not As Easy As It Looks," *California Bankruptcy Journal,* October, 2000.
- "Formulating and Confirming a Chapter 11 Plan of Reorganization," *Journal of Legal Advocacy & Practice,* University of La Verne School of Law, Volume 2, 2000; and
- "Fighting the Abusive Chapter 13," *Los Angeles Daily Journal.*

Published and other Cases:
- *In re Reynoso,* 315 B.R. 544 (9th Cir. BAP 2004), *affirmd* 477 F.3d 1117 (9th Cir. 2006).
- *In re Kagenveama,* 541 F.3d 868 (9th Cir. 2008)("on the brief" for the NACBA Amicus Brief)
- *In re Penrod*, 611 F.3d 1158 (9th Cir. 2010) )("on the brief" for a group of professors Amicus Brief)
- *Sherman v. SEC (In re Sherman)*, 658 F.3d 1009 (9th Cir 2011)(successful representation of an attorney against the Securities and Exchange Commission)
- *Williams v. Sato (In re Sato),* 512 B.R. 241 (Bkrtcy C. D. CA. 2014 J. Tighe)(successful prosecution of non-dischargeability complaint)
- *Avery v. Obedian (In re Obedian),* 546 B.R. 409 (Bkrtcy C. D. CA. 2016 J. Kwan) (successful claim that home was community property)
- *In re Kashikar,* 567 B.R. 160 (9th Cir. BAP 2017) (pro bono, successfully reversed order on student loan)
- *In re Lua,* 2017 WL 2799989, (unpublished) (9th Cir 2017) (on the brief for the NACBA Amicus Brief) (successfully reversed order denying exemption to debtor)
- *In re Taylor,* 2017 WL 3429029 (unpublished) (9th Cir. BAP 2017)(successfully reversed order of $153,000 in sanctions against an attorney)

Presentations:
- "Chapter 7, Chapter 13 and the Stay - Oh My! Do Not Fear - the Bankruptcy Experts Are Here," March 22, 2019, 2019 Annual Association of Family Law Specialists Spring Seminar, with Judge Victoria Kaufman, Jeff Golden and Susan Luong
- "Recent Supreme Court Cases of Interest to Bankruptcy Practitioners," December 14, 2018, for the San Fernando Valley Bar Assn with Judge Alan Ahart (Ret.).
- Moderator of "5th Annual Consumer Bankruptcy Review" with five bankruptcy judges for Orange County Bar Assn, Commercial Law and Bankruptcy Section, October 23, 2018 at Chapman University, Fowler School of Law
- "Equal Access to Justice," for the Ninth Circuit Judicial Conference in Anaheim, CA, July 25, 2018 with Scott Bovitz and Michael O'Halloran
- "Automatic Stay and Discharge Injunctions Violations," for the Central District Consumer Bankruptcy Attorneys Assn ("cdcbaa"), June 9, 2018 with Raymond H. Aver and Christopher Burke.

## RESNIK HAYES MORADI LLP
### RESUME

- "Hiding in the Valley or Shouting from the Mountain – Debtor's Schedules and Full Disclosure," May 19, 2018, California Bankruptcy Forum Insolvency Conference with Ed Hays, Jenny Doling, and Hagop Bedoyan.
- "Recent Supreme Court Cases of Interest to Bankruptcy Practitioners," October 27, 2017, for the San Fernando Valley Bar Assn with Judge Alan Ahart (Ret.).
- "Judicial Estoppel," for the Ninth Circuit Judicial Conference in San Francisco, CA, July 19, 2017 with Judge Scott Clarkson, Misty Perry Issacson, Corey Weber
- "9th Circuit Review" for the Orange County Bar Assn, March 21, 2017 with Judge Theodor Albert and Rob Goe.
- "Appeals:  It's Not as Hard as it Looks," for the Central District Consumer Bankruptcy Attorneys Assn ("cdcbaa"), March 18, 2017 with Sarah Stevenson, Staff Attorney for the 9th Circuit BAP.
- "Top Ten Supreme Court Cases on Bankruptcy," for the San Fernando Valley Bar Assn on December 9, 2016 with Judge Alan Ahart (Ret.) and David Gould.
- "Consumer Law Update," for the ABI "Consumer Connect Program" on December 2, 2016 with Chapter 7 Trustee Wes Avery and Assistant UST Attorney Jennifer Braun.
- "Unbundling and Limited Scope Representation: Navigating in the Central District," for the Federal Bar Association on November 18, 2016 with Judge Sandra Klein.
- "Individual Chapter 11 Cases," for the National Association of Consumer Bankruptcy Attorneys Annual Convention in San Francisco, May 21, 2016, with Judge Laurel Davis from Bankruptcy Court in Las Vegas and Wayne Silver.
- "9th Circuit BAP Decisions for 2015" for the San Fernando Valley Bar Assn on February 19, 2016 with Judge Martin Barash and Michael Avanesian.
- "The Supreme Court" for the San Fernando Valley Bar Assn on October 16, 2015.
- "Bankruptcy Foundations," mcle program for bankruptcy professionals, eight class sessions conducted in early 2015.

- The Sixth Annual James T. King Bankruptcy Symposium; "In re Taggart: the Supreme Court and Discharge Violations," for the Central District Consumer Bankruptcy Attorneys Assn ("cdcbaa"), September 7, 2019 with Daniel Geyser and Prof. Daniel Bussel, University of California Los Angeles School of Law.
- The Fifth Annual James T. King Bankruptcy Symposium; "Ethics and Getting Paid," for the Central District Consumer Bankruptcy Attorneys Assn ("cdcbaa"), July 21, 2018 with Judge Erithe Smith and Prof. Nancy Rapoport, University of Nevada Law Vegas School of Law.
- The Fourth Annual James T. King Bankruptcy Symposium; "Exemptions: Is Bad Faith a Factor or Not?" for the Central District Consumer Bankruptcy Attorneys Assn ("cdcbaa"), September 23, 2017 with Judge Theodor Albert, John Tedford, and Prof. Mark Scarberry, Pepperdine University School of Law.
- The Third Annual James T. King Bankruptcy Symposium; "Judicial Philosophy: Interpreting the Bankruptcy Code," for the Central District Consumer Bankruptcy Attorneys Assn ("cdcbaa"), August 13, 2016 with Judge Paul Watford, Judge Martin Barash, and Prof. Erwin Chemerinsky.
- The Second Annual James T. King Bankruptcy Symposium; "Dear Congress:  Chapter 13 Could Use a Little Help," for the Central District Consumer Bankruptcy Attorneys Assn

# RESNIK HAYES MORADI LLP
## RESUME

("cdcbaa"), September 19, 2015 with Judge Keith Lundin, Judge Meredith Jury, Prof. Katie Porter, Hank Hildebrand.

- The First Annual James T. King Bankruptcy Symposium; "*In re Bellingham*:  From the Insiders,"  for the Central District Consumer Bankruptcy Attorneys Assn ("cdcbaa"), July 19, 2014 with Judge Richard Paez, Judge Meredith Jury, and Prof. John Pottow.

- Nuts and Bolts of Consumer Bankruptcy; University of West Los Angeles MCLE Program, June 1 and 2, 2012 and May 31 and June 1, 2013 with James T. King.
- "Individual Chapter 11 Cases:  The Good, the Bad, and the Ugly," Pepperdine Law Journal Symposium with Judge Thomas Donovan, Kenneth Lau, and Prof. Mark Scarberry; March 27, 2012,
- Nuts and Bolts of Consumer Bankruptcy; University of West Los Angeles MCLE Program, June 3 and 4, 2011 with James T. King.
- Nuts and Bolts of Chapter 11 Bankruptcy; University of West Los Angeles MCLE Program, October 15, 2010.
- Nuts and Bolts of Bankruptcy; University of West Los Angeles MCLE Program, May 15 and 16, 2010.

- "A Review of 9th Circuit Published Decisions on Bankruptcy" for the Los Angeles County Bar Assn presentations
  - on September 26, 2006 with retired Bankruptcy Judge Lisa Hill Fenning and Peter Lively;
  - on October 17, 2007 with Bankruptcy Judge Samuel Bufford and Jim King;
  - on November 17, 2009 with Bo Bollinger and Aram Ordubegian;
  - on September 25, 2012 with Judge Julia Brand.

- "A Review of 9th Circuit Published Decisions on Bankruptcy" for the Central District Consumer Bankruptcy Attorneys Assn ("cdcbaa")
  - on March 27, 2007 with Bankruptcy Judge Victoria Kaufman;
  - on January 26, 2008 with Chief Bankruptcy Judge Vincent Zurzolo;
  - on February 21, 2009 with Judge Meredith Jury;
  - on January 30, 2010 with Judge Erithe Smith;
  - on January 20, 2011 with Judge Maureen Tighe,
  - on January 21, 2012 with Judge Sandra Klein;
  - on January 24, 2013 with Judge Meredith Jury and Judge Neil Bason;
  - on January 25, 2014 with Judge Ted Albert and Judge Deborah Saltzman,
  - on January 24, 2015 with Judge Victoria Kaufman and Judge Martin Barash,
  - on January 30, 2016 with Judge Meredith Jury and Judge Julia Brand.
  - on January 28, 2017 with Judge Laura Taylor, Southern District of California, and Judge Vincent Zurzolo.
  - on January 27, 2018 with Judge Julia Brand and Judge Charles Novack, Northern District of California.
  - On January 12, 2019 with Judge Neil Bason and Judge Christopher Klein, Eastern District of California.

## RESNIK HAYES MORADI LLP
### RESUME

- "A Review of 9th Circuit Published Decisions on Bankruptcy" for the California Bar Assn Annual Meeting
  - on October 13, 2012 in Monterey California with Bankruptcy Judge Charles Novack, San Jose;
  - on October 12, 2013 in San Jose with Bankruptcy Judge Charles Novack
  - on September 13, 2014 in San Diego with Chief Judge Laura Taylor, San Diego; and Judge Charles Novack,
  - on October 10, 2015 in Anaheim with Judge Mark Wallace, Santa Ana, and Judge Charles Novack,
  - on September 30, 2016 in San Diego with Judge Louise Adler, San Diego and Judge Charles Novack.
- "Bankruptcy Litigation: A Nondischargeability Defense Overview & Training"; with Judge Thomas Donovan, Jason Wallach and David Golubchick, May 6, 2003.

On November 3, 2016, Mr. Hayes received the Hon. Thomas B. Donovan Excellence Award from the Central District Consumer Bankruptcy Attorneys Assn ("cdcbaa").  The award is given for "excellence in writing or advocacy, service to the court or service to the bar."  The award was presented to him at the annual Calvin Ashland Awards Dinner of the cdcbaa.

On June 21, 2012 and again on October 25, 2018, Mr. Hayes received the Hon. William J. Lazarow Award from Public Counsel and the Debtor Assistance Project for Outstanding Pro Bono Service to the Community.

In 2013, Mr. Hayes sat on the 9th Circuit Merit Selection Committee responsible for choosing candidates for the open judgeship position in the Riverside Division of the Central District of California.  In 2014, Mr. Hayes sat on the 9th Circuit Merit Selection Committee responsible for choosing candidates for the open judgeship position in the Woodland Hills Division of the Central District of California.

Mr. Hayes has been an Adjunct Professor of Law at the University of West Los Angeles (previously University of LaVerne School of Law) for the past 28 years where he has taught Bankruptcy, Business Organizations, Contracts, Advanced Bankruptcy Issues, Commercial Law, and Taxation.  Before that he was on the adjunct faculty of Whittier School of Law for four years.  He maintains a blog directed primarily for his students at www.profhayesuwla.com.  .

Mr. Hayes is active participant at the Bankruptcy Self-Help desk in Woodland Hills and is the director of the Bankruptcy Litigation Clinic at the University of West Los Angeles where law students from UWLA are used to help parties deal with litigation in bankruptcy court.

Mr. Hayes is the author of three books entitled, "*A Summary of Bankruptcy Law*, Third Edition" published in December, 2016; "*Bankruptcy Jurisprudence from the Supreme Court*, Second Edition" published in 2016; and "*Melvyn 'Deacon' Jones: My 40 years with the Blues Legends*," published in 2004.  All are available on Amazon.com.

7

### RESNIK HAYES MORADI LLP
### RESUME

Mr. Hayes previously wrote a monthly column, "Judicial Profiles" for the San Fernando Valley Bar Association magazine, "Bar Notes," on judges in the San Fernando Valley. He maintains a blog at www.centraldistrictinsider.com. He was a regular contributor to the Supreme Court Corner at www.considerchapter13.org.

Mr. Hayes is married and has four children. He has lived in Northridge for 34 years.

---

## Matthew D. Resnik, Partner

*Certified Bankruptcy Specialist, State Bar of California, Board of Legal Specialization -- 2016*

- Partner, RESNIK HAYES MORADI LLP 2018-present
- Partner, SIMON RESNIK HAYES LLP 2015-2018
- Partner, SIMON RESNIK LLP 2003-2018
- Law Office of Matthew D. Resnik, 1999- 2003

Education:
California State University at San Diego (B.A., 1992)
University of West Los Angeles School of Law (J.D. 1996)

Matthew Resnik is the managing partner at Resnik Hayes Moradi LLP. He has dedicated his legal career to representing financially distressed individuals and businesses against their creditors. His reputation and excellent track record in consumer bankruptcy are widely recognized in Southern California.

Mr. Resnik concentrates his practice in bankruptcy and corporate - business litigation. He has represented upwards of 3,000 businesses and individuals in bankruptcy proceedings over the past 20 years. He has also represented creditors, landlords and others in bankruptcy and voluntary workout proceedings.

Mr. Resnik has prosecuted and defended many complaints to declare debts non-dischargeable, to deny the discharge and other bankruptcy related litigation matters.

Mr. Resnik has also represented many homeowners in wrongful foreclosure actions in state court as well as federal court. He has extensive experience in civil litigation in real estate and other business litigation matters. He has been a panelist at numerous seminars especially relating to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

Mr. Resnik is a member of the Central District Consumer Bankruptcy Attorneys Association ("CDCBAA").

**RESNIK HAYES MORADI LLP**
**RESUME**

### Roksana D. Moradi-Brovia, Partner

*Certified Bankruptcy Specialist since 2014*
*State Bar of California, Board of Legal Specialization*

- Partner, RESNIK HAYES MORADI LLP 2018-present
- Partner, SIMON RESNIK HAYES LLP 2015-2018
- Associate Attorney, SIMON RESNIK HAYES LLP 2012-2016
- Associate Attorney, Law Offices of M. Jonathan Hayes 2009-2012
- Law Clerk, Law Offices of M. Jonathan Hayes March, 2009 to November, 2009

Roksana D. Moradi-Brovia has dedicated her legal career to representation of both individuals and businesses navigating through Chapter 7 and Chapter 11, and litigation arising in the bankruptcy context.

She has successfully confirmed 74 Chapter 11 Plans of Reorganization for both individuals and businesses, assisting her clients through the "rehabilitation" process at each step of the way. Recent Chapter 11 cases include representing a couple with 19 income producing real properties, a small trucking company, a jewelry store, a dental practice, a tortilla manufacturing business and an LLC which owns a 13 unit commercial building.

Ms. Moradi-Brovia was nominated as a Super Lawyers Rising Star in 2014, 2015, 2016, 2017, 2018 and 2019.

She is the 2018 and 2019 *President* of the Central District Consumer Bankruptcy Attorneys Association ("cdcbaa") and has been on the *Board of Directors* and the *Programs Chair* of the *cdcbaa* since 2013.

In May of 2019, Ms. Moradi-Brovia was elected to serve a two-year term on the *Board of Directors* of the Los Angeles Bankruptcy Forum (LABF).

In July of 2019, Ms. Moradi-Brovia was elected to the *Board of Directors* of the James T. King Southern California Bankruptcy Inn of Court.

Ms. Moradi-Brovia was the 2018-2019 *Chair* of the Commercial Law and Bankruptcy Section of the Los Angeles County Bar Association ("LACBA"), previously holding the positions of *Programs Chair, Secretary and Vice Chair;* she remains an active participant in the Section. She acted as *Chair* of the Debtor Assistance Project/*Pro Bono* Sub-Committee of the Bankruptcy/Commercial Law Section of LACBA from 2013 through 2017. Ms. Moradi-Brovia was the LACBA representative for the U.S. Bankruptcy Court for the Central District of California's Bar Advisory Board for 2017.

In 2014, Ms. Moradi-Brovia was selected by the U.S. Bankruptcy Court for the Central District of California's Bar Rules Advisory Group as the *Working Group Chair* of the "Disclosure

## RESNIK HAYES MORADI LLP
### RESUME

Statement in Support of Chapter 11 Plan of Reorganization," "Cash Collateral Motion," and "Budget Motion" committees working to revise the current versions of those Chapter 11 Individual Debtor forms.

Presentations:

- "Individual Chapter 11s: An Overview" MCLE program from the Orange County Bar Assoc. – Commercial Law and Bankruptcy Section on May 23, 2019, with the Hon. Neil W. Bason, Steven Fox, Stella Havkin, Peter Lively, Dennis McGoldrick and moderated by Ed Hays.
- "Key Consumer Cases from Around the Country" MCLE program for the San Fernando Valley Bar Association on March 22, 2018, with the Hon. Sandra R. Klein and Cassandra J. Richey.
- "Interesting, Important and  All Consuming Opinions of  Central District Bankruptcy Judges" MCLE program for the San Fernando Valley Bar Association on January 19, 2018, with the Hon. Victoria S. Kaufman and James Selth.
- "Consumer Potpourri" MCLE program for the San Fernando Valley Bar Association on May 12, 2017, with Dennis McGoldrick and Nina Javan.
- "Chapter 11: Essentials and Special Situations" MCLE program for Pincus Professional Education on November 4, 2016, with the Hon. Neil W. Bason, Steven R. Fox, Stella Havkin, Peter Lively, and Dennis McGoldrick.
- "9th Circuit Bankruptcy Appellate Panel Review" MCLE program for the San Fernando Valley Bar Association on October 28, 2016, with Katherine C. Bunker and Raymond H. Aver.
- "Elimination of Bias" MCLE program for the *cdcbaa* at Southwestern Law School on February 27, 2016, with Nancy B. Clark and Magdalena Reyes Bordeaux.
- "When is Conversion Kosher? Exploring the Hows, Whens, and Whys of Converting Cases from One Chapter to Another" MCLE program for the Central District Consumer Bankruptcy Attorneys Association ("cdcbaa") at Southwestern Law School on February 8, 2014, with the Hon. Catherine Bauer and Jeffrey Hagen.
- "An Introduction to Adversary Proceedings" MCLE program for Public Counsel at the U.S. Bankruptcy Court – Los Angeles Division on July 11, 2013, with the Hon. Sandra R. Klein, and attorneys Magdalena R. Bordeaux and Roye Zur.

Publication: "The Section 1111(b) Election: A Primer," *California Bankruptcy Journal,* December 2011 (with M. Jonathan Hayes).

Ms. Moradi-Brovia volunteers regularly at Neighborhood Legal Services' Bankruptcy Self Help Desk and Public Counsel's Bankruptcy Self Help Desk and Reaffirmation Clinics.

On September 10, 2014, Ms. Moradi received the Public Counsel Debtor Assistance Project *Pro Bono* award.

Ms. Moradi-Brovia received her Juris Doctorate from the University of West Los Angeles – School of Law in June of 2009 and was admitted to the State Bar of California and the United

## RESNIK HAYES MORADI LLP
### RESUME

States District Court in December of 2009.  Ms. Moradi-Brovia was admitted to the Ninth Circuit Court of Appeals in 2013. While in law school, Ms. Moradi-Brovia had the privilege of externing for the Hon. Tracy Grant in San Pedro.  Ms. Moradi-Brovia was the Dean of the Delta Theta Phi Law Fraternity her last year of law school.

In 2009, Ms. Moradi-Brovia was chosen by her law school professor, M. Jonathan Hayes, to join his bankruptcy firm.  The Law Offices of M. Jonathan Hayes merged with Simon & Resnik, LLP in 2012.

Ms. Moradi-Brovia immigrated to the United States when she was a child.

Languages spoken: Polish.

---

### Russell Stong
### Associate Attorney, Los Angeles Office

- Associate Attorney, RESNIK HAYES MORADI LLP 2018-present
- Associate Attorney, SIMON RESNIK HAYES LLP 2014-2018
- Associate Attorney, SIMON RESNIK, LLP 2007- 2014
- Associate Attorney, WEINSTEIN  TRIEGER & RILEY, LLP 2004-2007
- Associate Attorney, CHERIN &YELSKY, LLP  1998- 2004
- Sole Practioner Attorney, LAW OFFICE OF RUSSELL J. STONG, III 1996-1998
- Associate Attorney/Law Clerk, LAW OFFICE OF GREGORY CHUDACOFF 1992-1996
- Real Estate Broker (Commercial Real Estate) 1988-1992
- Real Estate Licensee (Commercial Real estate) 1985 - 1988

Education:
University of Southern California B.S. Business 1983
University of California Los Angeles Real Estate program 1986 to 1987
University of West Los Angeles School of Law 1994

Real Estate Brokers License 3/19/1988 to present
Real Estate License 1985 -1988

Member of the Central District Consumer Bankruptcy Attorneys Association ("CDCBAA")

Russell (Russ) Stong helps individuals protect their homes, cars and other assets.  Russ is a highly respected advocate in court and enjoys using his quick oral advocacy skills in front of the Judges. Russ is passionate about his client's rights, but commands the respect from his advisories due to his outgoing personality and pleasant disposition.

**RESNIK HAYES MORADI LLP**
**RESUME**

Prior to working for Simon Resnik, Russ represented financial institutions in fraud actions as a creditor's attorney. This experience gives him insight into handling individual debtor cases as he understands the mentality and approach of the creditor attorney. Additionally, Russ developed a strong working relationship with other creditor attorneys, which helps ameliorate complex issues and provide alternatives for his clients. This experience also allowed Russ to argue matters in front of all the Central District Bankruptcy Judges, which enables him to know the patterns and practice of each Bankruptcy Judge.

Prior to becoming an attorney Russ practiced commercial real estate leasing/sales/marketing services including search analysis and lease negotiation. Representing both Landlord and Tenant interests from site location to final occupancy.

---

### David M. Kritzer
### Associate Attorney, Encino office

- Associate Attorney, RESNIK HAYES MORADI LLP 2018-present
- Associate Attorney, SIMON RESNIK HAYES LLP 2012-2018
- Associate Attorney, HEMAR ROUSSO & HEALD LLP  2008-2012
- Associate Attorney, SPIWAK & IEZZA, LLP  2006-2008
- Associate Attorney, PARKER-STANBURY LLP 1999-2006
- Associate Attorney,  SWEDELSON & GOTTLIEB 1997-1998
- Law Clerk/Associate Attorney, LAW OFFICES OF LLOYD DOUGLAS DIX 1992-1997

Education:
Pepperdine University School of Law (J.D. 1993)
1992 - 1993 Moot Court Board - Co-Chair of 1993 Dalsimer Competition
1991 London Program Participant - Moot Court vs. London University
Second Place Petitioner's Brief - First Year Moot Court 1991
Gunnar Nicholson Family Scholarship Recipient, 1992 - 1993
Second Year Representative, Student Bar Association, 1991 - 1992

University of California, San Diego, Marshall (Third) College
Bachelor of Arts - Political Science - June 1990
Minors:  General Biology, General Chemistry, and American HistoryResident Advisor, Third College Dormitories & Apartments - 1986 - 1989
Student Advocate Board, Associated Students - 1985 - 1987

David M.  Kritzer is one of the litigators at Resnik Hayes Moradi LLP with over 24 years experience in and out of the courtroom.  He is very active in all of the firm's litigation matters, regularly appearing in state and federal courts.  He has extensive experience in general business litigation, unlawful detainers, real estate litigation, general commercial and business financial

**RESNIK HAYES MORADI LLP**
**RESUME**

litigation, and debtor-creditor litigation, and judgment enforcement with significant discovery, law and motion and trial practice experience.

Other Honors:
A.S.B. President, Van Nuys High School, Van Nuys, California - 1984 - 1985
Boy Scouts of America, Eagle Scout Award Received - June 1984

---

### Pardis Akhavan, Associate Attorney

- Associate Attorney, RESNIK HAYES MORADI LLP 2018-present
- Law Clerk, M. Jonathan Hayes 2016-2018

Education: University of West Los Angeles School of Law (J.D. 2017) Magna Cum Laude

Ms. Akhavan immigrated to the United States from Iran seven years ago.  She graduated from college in Iran and spent eight years working in the banking industry before coming to the United States.  Her first job here was as Administrative Manager of an insurance agency.  From there, she worked for Wells Fargo Bank as a teller and was soon promoted to a personal banker. She stayed with Wells Fargo Bank for three years until she decided to go to law school.  She graduated from UWLA School of Law in 2016 and passed the California Bar Exam on her first try.

Languages spoken:  Farsi

---

### Rozario Zubia
### Paralegal, Encino Office

Education:  California State University Northridge, 1980s

Rosario was a bankruptcy paralegal for a bankruptcy specialist sole practitioner in Los Angeles from 1994 to 2004.  Rosario began as a paralegal for M. Jonathan Hayes in 2009.  She is also a licensed real estate agent in the State of California.

Languages spoken: Spanish.

---

### Ja'Nita Fisher
### Paralegal, Encino Office

Education: California State University Northridge, 2017 B.S. Business Management

## RESNIK HAYES MORADI LLP
### RESUME

Ja'Nita Fisher has been a paralegal with M. Jonathan Hayes since January 2012.

---

### Susie Segura
### Paralegal and Office Manager, Los Angeles Office

Susie has been a bankruptcy paralegal since 1999.  She worked for the Law Office of Claudia Phillips before she was hired by Matt Resnik in 2004.  She is very experienced in all aspects of consumer Chapter 7 and Chapter 13 cases.

Languages spoken: Spanish.

---

### Max Bonilla
### Paralegal, Los Angeles Office

Education: Mt. San Antonio College (A.A. 2006)

Max was a paralegal with a personal injury firm for 4 years.  In 2009, he joined Simon & Resnik, LLP which later became Resnik Hayes Moradi, LLP in 2018.  He is especially knowledgeable with all aspects of Chapter 7 and Chapter 13.

Languages Spoken: Spanish

---

### Priscilla Bueno
### Paralegal, Encino Office

Education: Mission College (A.A. 2011) studying for a paralegal certificate

Priscilla was a paralegal for a worker's comp and personal attorney for about five years. Then she worked for Bank of America in the trust department and later in the bankruptcy department. With Bank of America, she was involved with bankruptcy sales for Recontrust.   She joined Simon Resnik Hayes LLP in early April of 2017 which became Resnik Hayes Moradi LLP in 2018.

Languages spoken: Spanish.

---

### Rebeca Benitez

14

## RESNIK HAYES MORADI LLP
### RESUME

### Paralegal, Encino Office

- Paralegal Resnik Hayes Moradi LLP 2017 to present
- Paralegal Landsberg & Associates 2008-2011
- Paralegal Weintraub & Selth, APLC  2006-2008

Education:
University of Phoenix, B.S. in Criminal Justice, 2009
Los Angeles Mission College, 2001-2003

Beca has been a bankruptcy and litigation paralegal since 2005. She has extensive experience preparing bankruptcy petitions for all chapters, assisting attorneys with all motions typically found in consumer bankruptcy cases.  She also has extensive experience assisting attorneys with unlawful detainer litigation and general civil litigation in state and federal courts in the Los Angeles area.

Languages spoken: Spanish.

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **17609 Ventura Blvd., Suite 314, Encino, CA 91316.**

A true and correct copy of the foregoing document entitled **APPLICATION OF PATIENT CARE OMBUDSMAN TO EMPLOY RESNIK HAYES MORADI LLP AS BANKRUPTCY COUNSEL EFFECTIVE AS OF NOVEMBER 12, 2019; DECLARATION OF ROKSANA D. MORADI-BROVIA IN SUPPORT THEREOF**    be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **11/26/2019** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐  Service information continued on attached page

- **David A Akintimoye    daa225110@gmail.com**
- **Abram Feuerstein    abram.s.feuerstein@usdoj.gov**
- **Everett L Green    everett.l.green@usdoj.gov**
- **Roksana D. Moradi-Brovia    roksana@rhmfirm.com, matt@rhmfirm.com;rosario@rhmfirm.com;janita@rhmfirm.com;jhayes@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.**
- **Jolene Tanner    jolene.tanner@usdoj.gov, USACAC.criminal@usdoj.gov**
- **United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov**

**II. SERVED BY U.S. MAIL:** On **11/26/2019** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

Hon. Scott C. Clarkson
United States Bankruptcy Court
Central District of California
411 West Fourth Street
Santa Ana, CA 92701-4593

Delta Hospice of California Inc
14726 Ramona Avenue #200
Chino, CA 91710

**III. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **11/26/2019** I served the following person(s) and/or entity(ies) by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 11/26/2019 | Ja'Nita Fisher | /s/ Ja'Nita Fisher |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

**RESNIK HAYES
MORADI LLP**

**2**